IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| William D., *Plaintiff*, v. Frank J. Bisignano, Commissioner of Social Security, *Defendant*. | Case No. 3:24-cv-50429 Honorable Michael F. Iasparro |

**MEMORANDUM OPINION AND ORDER**

Plaintiff William D. brings this action under 42 U.S.C. § 405(g) seeking a remand of the decision denying his application for disability insurance benefits.[1] For the reasons set forth below, the Commissioner's decision is affirmed.

**BACKGROUND**

Plaintiff filed an application for disability insurance benefits alleging a disability onset date of May 15, 2020. R. 58. Following a hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision on December 27, 2023, finding that Plaintiff is not disabled. R. 10-19. The ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work with the following limitations: occasional ladders, ropes, and scaffolds; frequent ramps and stairs; frequent stoop, kneel, crouch, crawl; no exposure to unprotected heights or moving mechanical parts. R. 15. The ALJ found that Plaintiff can perform past relevant work as an outside salesperson as generally performed. R. 18-19.

The Appeals Council denied Plaintiff's request for review on September 3, 2024, making the ALJ's decision the final decision of the Commissioner. R. 1-6; 20 C.F.R. § 416.1481. Plaintiff then filed this action seeking judicial review. Dkt. 1.

**STANDARD OF REVIEW**

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* The court's review of the Commissioner's findings is subject to "a very deferential standard." *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025). When reviewing the ALJ's decision, the court's inquiry is limited to determining whether the ALJ's decision is supported by substantial evidence

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). *See* Dkt. 12.

1

or resulted from an error of law. *Mandrell v. Kijakazi*, 25 F.4th 514, 515 (7th Cir. 2022). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "The threshold for substantial evidence 'is not high.'" *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (quoting *Biestek*, 587 U.S. at 103). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1054 (internal quotation marks and citation omitted). To determine whether substantial evidence exists, the court reviews the record as a whole but "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Id.* at 1052–53; *Beardsley v. Colvin*, 758 F.3d 834, 836 (7th Cir. 2014). Thus, "we will reverse an ALJ's decision only if the record compels a contrary result." *Thorlton*, 127 F.4th at 1081 (citation modified).

## DISCUSSION

Plaintiff challenges the Commissioner's decision based on alleged legal error in the ALJ's evaluation of the medical opinions in the record. *See* Dkt. 10. Specifically, Plaintiff alleges that the ALJ failed to properly consider the persuasiveness of the opinions of Dr. Levitan, the psychological consultative examiner, and Dr. Hoffman, Plaintiff's primary care provider. As explained below, the Court does not find that the ALJ's analysis was so deficient as to warrant remand.

As a preliminary matter, the Court notes that the ALJ found Plaintiff not disabled at step four when he determined that Plaintiff is capable of performing past relevant work as an outside salesperson. R. 18-19. It was Plaintiff's burden of proof to show that he is incapable of doing so. *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014); *see also Fetting v. Kijakazi*, 62 F.4th 332, 336 (7th Cir. 2023) ("The burden of proof is on the claimant for the first four steps."). He did not meet that burden.

When examining medical opinions, ALJs are required to articulate the persuasiveness of each opinion by considering the following factors: supportability, consistency, the source's relationship with the claimant, the source's specialization, and other factors as appropriate. 20 C.F.R. § 416.920c(c). While ALJs are not required to address all these factors, they must explain their consideration of the two most important factors – supportability and consistency.[2] *Id.* § 416.920c(b)(2). In short, ALJs are required to "explicitly explain why particular medical opinions are consistent [or inconsistent] with the record as a whole" and "consider the internal supportability of a physician's medical opinion." *Bakke v. Kijakazi*, 62 F.4th 1061, 1067-68 (7th Cir. 2023). The ALJ's analysis of medical opinions must be allowed "to stand so long as the ALJ minimally articulated his reasons—a very deferential standard that the Seventh Circuit has, in fact, deemed lax." *Crowell v. Kijakazi*, 72 F.4th 810, 816 (7th Cir. 2023) (citation modified).

Here, the ALJ found Dr. Levitan's opinion unpersuasive because the limitations included in his opinion were "unsupported by and inconsistent with the longitudinal record which reflects

---

[2] Supportability "looks at the extent the relevant and objective medical evidence supports the medical opinion" while consistency "considers the extent to which the medical opinion is consistent with other medical evidence in the record." *Cain v. Bisignano*, 148 F.4th 490, 497 (7th Cir. 2025).

normal mental status examination findings, as well as engagement in a variety of activities such as attending church groups, managing his mother's affairs, and hunting." R. 18. Plaintiff argues that this analysis "completely failed" to address the supportability factor and inadequately addressed the consistency factor. Dkt. 10, at *7-8. Although further articulation would certainly have been helpful, the ALJ's analysis did sufficiently address the consistency factor by pointing to normal mental status examinations[3] and Plaintiff's activity level. Plaintiff challenges the ALJ's reliance on Plaintiff's activities, but the normal mental status examinations alone are enough that a "reasonable mind could accept the ALJ's conclusion." *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022). Specifically, the ALJ cited medical records reflecting well over two dozen office visits over more than a three-year period in which Plaintiff's memory was reportedly intact and normal, Plaintiff was described as cooperative with a normal mood and affect, and no findings showed any problems with attention or concentration. R. 13-14. These cited visits even included several with Plaintiff's primary care physician in which only normal mental status findings were noted. R. 13 (citing R. 707, 744, 767). Although these citations to the record were found at a different step in the ALJ's opinion, "[a]n ALJ need not rehash every detail each time he states conclusions on various subjects." *Gedatus v. Saul*, 994 F.3d 893, 903 (7th Cir. 2021).

The ALJ did not articulate his reasons for concluding that Dr. Levitan's opinion was unsupported in the RFC analysis specifically. However, the Court must apply "a common-sense reading to the entirety of an ALJ's decision." *Winsted v. Berryhill*, 923 F.3d 472, 478 (7th Cir. 2019); *see also Molnar v. Astrue*, 395 Fed. App'x 282, 287 (7th Cir. 2010) (unpublished) ("We review the ALJ's opinion as a whole to give it the most sensible reading."). At step two, the ALJ evaluated Plaintiff's mental impairments and found that they "do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities." R. 13. In explanation, the ALJ went through the regulation's four broad mental functioning areas and recognized Plaintiff's report to Dr. Levitan that his memory is sometimes "not so good" and he has trouble with concentration. R. 13-14. However, the ALJ also pointed to Dr. Levitan's opinion to evidence Plaintiff's "intact and normal memory" and cooperative affect. *Id.* This is sufficient explanation for the ALJ's conclusion that Dr. Levitan's opinion is unsupported under the "lax" standard this analysis is subject to.

Most importantly, this alleged error is subject to harmless error review. *See McKinzey v. Astrue*, 641 F.3d 884, 891-92 (7th Cir. 2011) (finding ALJ's consideration of medical opinions to be subject to harmless error review). "[I]f the error leaves [the Court] convinced that the ALJ would reach the same result on remand, then the error is harmless and a remand is not required." *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021). Plaintiff attempts to show the harm caused by this alleged error, but his argument falls short of necessitating remand.

---

[3] Plaintiff asserts that the normal mental status examinations cited by the ALJ are from providers treating Plaintiff's physical ailments. "The Seventh Circuit has cautioned against drawing a negative inference about a claimant's mental condition based on the lack of documentation of mental health symptoms in the records of physicians treating a claimant's physical condition." *Jacqueline J. v. Berryhill*, No. 18 C 2401, 2019 WL 339588, at *5 (N.D. Ill. Jan. 28, 2019) (citing *O'Connor-Spinner v. Colvin*, 832 F.3d 690, 698 (7th Cir. 2016)). However, the ALJ had no other objective evidence to rely on as Plaintiff provided no mental health treatment records despite the record being held open for several months after the hearing. R. 337-40; see *also Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017) (explaining that a claimant represented by counsel at the hearing "is presumed to have made her best case before the ALJ").

3

Dr. Levitan found Plaintiff "could perform simple and routine tasks" and "would have difficulty handling moderate work pressure and stress" but "could communicate with co-workers and a supervisor" as well as "follow, understand, and retain most instructions." R. 1038-39. He "cited no evidence and provided no explanation for" these conclusions. *Green v. Kijakazi*, No. 21-C-678, 2022 WL 1644936, at *22 (E.D. Wis. May 23, 2022). Thus, the ALJ was entitled to "discount this medical opinion that is conclusory and not supported by any clinical basis." *Ellison v. Kijakazi*, No. 22-3134, 2023 WL 8794989, at *3 (7th Cir. Dec. 20, 2023) (unpublished) (citation modified); *see also Reynolds v. Kijakazi*, 25 F.4th 470, 473 (7th Cir. 2022) ("[A]n ALJ need only include limitations that are supported by the medical record."). Moreover, Plaintiff has not pointed to any evidence in the record to support the conclusion that an individual who could perform simple, routine tasks and would find moderate work stress difficult to handle[4] would be unable to perform work as an outside salesperson. *See Chambers v. Comm'r of Soc. Sec. Admin.*, No. 05-cv-827-DGW, 2008 WL 895443, at *5 (S.D. Ill. Mar. 31, 2008). Thus, Plaintiff did not meet (and still has not met) his burden at step four.

The ALJ also found Dr. Hoffman's opinion unpersuasive because it included "excessive mental limitations" that "are unsupported by treatment notes and inconsistent with the longitudinal evidence." R. 18. Plaintiff argues that this analysis is "unexplained boilerplate [language] that cannot meet the Commissioner's regulations for evaluating the supportability and consistency factors." Dkt. 10, at *13. Plaintiff does not challenge the ALJ's consideration of the consistency factor for Dr. Hoffman's opinion and instead focuses on the supportability factor. *Id.* at *13-14. The ALJ explained that "Dr. Hoffman endorsed satisfaction of the 'paragraph C' criteria" despite there being insufficient evidence to support such a finding. R. 18. The Court agrees with Plaintiff that this is not an accurate representation of Dr. Hoffman's opinion as he simply followed the form checklist but did not specifically find that the paragraph C criteria were satisfied. R. 623-24. However, the ALJ sufficiently articulated other reasons for finding Dr. Hoffman's opinion to be unsupported.

When specifically evaluating Dr. Hoffman's opinion, the ALJ concluded that it was "unsupported by treatment notes." R. 18. Like the ALJ's evaluation of the supportability of Dr. Levitan's opinion, this alone is an insufficient explanation. But again, the Court must review the ALJ's decision as a whole by considering "elaboration and analysis appearing elsewhere in the decision." *Zellweger v. Saul*, 984 F.3d 1251, 1254 (7th Cir. 2021). As discussed above, the ALJ explained at step two that Dr. Hoffman's treatment notes included normal mental status examinations (specifically normal mood and affect and no anxiousness) but did not include any findings reflecting problems with attention or concentration. R. 13-14 (citing R. 707, 744, 767). These treatment notes provide no support for Dr. Hoffman's conclusion that Plaintiff is moderately limited in his ability to function socially and maintain concentration. Thus, reading the ALJ's opinion as a whole, the Court finds that the ALJ minimally articulated his reasons for finding Dr. Hoffman's opinion unsupported and, consequentially, unpersuasive.

---

[4] It is unclear how a "stress" limitation would even be translated into an RFC as "stress lies in the individual not in the job." *Clifford v. Apfel*, 227 F.3d 863, 868 n. 2 (7th Cir. 2000). It is also important to note that the RFC "is defined as the *most* physical and mental work the claimant can do on a sustained basis," not what he can do without difficulty. *Swiecichowski v. Dudek*, 133 F.4th 751, 755 (7th Cir. 2025) (citation modified).

      Importantly, the prior administrative findings included no mental limitations in Plaintiff's RFC. R. 66, 76. The ALJ found these prior administrative findings to be persuasive, a decision that Plaintiff does not challenge. R. 18. Dr. Tin, a state agency psychologist, reviewed the record as a part of the state agency's initial consideration of Plaintiff's application and found Plaintiff's mental impairments to be non-severe. R. 62. Like Dr. Tin, the ALJ found Plaintiff's mental impairments to be non-severe but only after weighing the evidence presented to determine that Plaintiff has no limitations in one of the broad mental functioning areas and mild limitations in the remaining three. R. 14. Thus, the ALJ illustrated proper consideration of the evidence, did not commit an error of law, and supported his decision with substantial evidence.

## CONCLUSION

      For the foregoing reasons, Plaintiff's motion to remand the Commissioner's decision is denied, and Defendant's motion for summary judgment is granted. The Commissioner's decision is affirmed.

Entered: November 25, 2025            By: _____
                                                                     Michael F. Iasparro
                                                                     United States Magistrate Judge